STATE *EX REL.* WOLFE, ATTY. GEN. v. THOMPSON

(117 S. E., 717)

MUNICIPAL CORPORATIONS—PROVISION OF ACT INCORPORATING CITY OF CHARLESTON, RELATING TO AN APPOINTMENT OF OFFICERS BY COUNCIL, HELD MERELY PERMISSIVE.—The provision of Act Aug. 13, 1783 (7 St. at Large, p. 97), incorporating the city of Charleston, authorizing the appointment of officers by the city council, when construed in its entirety as it must be, is merely permissive, and not exclusive of a mode of selection provided for by an ordinance requiring appointment of officers by the mayor, subject to approval of the council.

In the original jurisdiction. Proceeding by the State *ex relatione* Samuel M. Wolfe, Attorney General, on the

complaint of G. J. Knobeloch individually and as alderman of the City of Charleston, against A. Clifford Thompson. Complaint dismissed.

The following is the complaint filed in the case:

The plaintiff complaining of the defendant, alleges as follows:

1. That Samuel M. Wolfe is now, and at the times hereinafter mentioned was, Attorney General of the State of South Carolina, and that G. J. Knobeloch is now, and at the times hereinafter mentioned was, a resident and citizen of the city of Charleston, State of South Carolina, and is ward alderman from a resident of ward 8 in the city of Charleston.

2. That the act of the General Assembly of the State of South Carolina, ratified August 13, 1783, incorporating the city of Charleston, provides:

"The intendant (of the city of Charleston) shall and may, as often as occasion shall require, summons the wardens to meet together in city council * * * who, with the intendant, shall be known by the name of, and they are hereby declared to be, the city council of Charleston * * * and they are hereby also authorized to appoint a recorder, treasurer, clerk, coroner, harbor master, fire masters, constables, and all other officers (affixing their salaries and fees of such officers respectively) as shall appear to them requisite and necessary for carrying into effectual execution all by-laws, rules and ordinances they may make for the good order and government of said city, and the persons residing within same. * * *"

And that by an act ratified December 31, 1836, it was provided that:

"The name and title of the intendant and wardens of the respective wards of the city of Charleston, as expressed in the act passed the thirteenth day of August, one

thousand seven hundred and eighty-three, entitled 'An Act to incorporate Charleston,' and in all other Acts to amend the charter of the city, be changed to the name and title of the mayor and aldermen of the respective wards in the city of Charleston; and all laws of the state and ordinances of the city council of Charleston, relating to the powers, election and term of office, and duties of the said intendant and wardens, shall be, and the same are hereby made of force in relation to the mayor and aldermen of the city of Charleston, in the same manner as if they, or either of them, had been therein specially named by that title. And the said mayor and aldermen shall meet together in city council, with the same powers and authority as the said intendant and wardens, under the act before mentioned."

"That the said mayor and aldermen of the city of Charleston shall be, and are hereby respectively vested with and shall exercise the same powers and authority that are now vested in, and exercised by the intendant and wardens of the wards of the city of Charleston, under any of the acts of Assembly and ordinances of the city council of Charleston.

3. That although the city council of Charleston alone is authorized by its charter, the provisions of which are hereinbefore set forth, to appoint the clerk of said city council, nevertheless the city council of Charleston adopted an ordinance whereby it was provided:

(1). "On and after the passage of this bill all vacancies in any of the offices heretofore filled by an election in council or by appointment of the mayor, subject to confirmation of council, shall be filled exclusively by the appointment of the mayor, subject to the confirmation of city council."

(2) "That all ordinances or parts of ordinances inconsistent herewith be and the same are hereby repealed."

And that the said ordinance was ratified by the said City Council at a meeting held on the 12th day of December, 1922.

4. That the said G. J. Knobeloch, as ward alderman of the 8th ward of the city of Charleston, voted against said ordinance, and opposed the adoption thereof.

5. That said ordinance deprives the said G. J. Knobeloch of a right given to him and to the other members of the said city council, to appoint the clerk of the said city council, and that if said ordinance is enforced he will be prevented from exercising a duty devolved upon him and a privilege conferred upon him as a member of city council of Charleston by the Act of the General Assembly of South Carolina incorporating said city of Charleston, and the amendments thereto.

6. That John P. Grace, Mayor of said City of Charleston, in the attempted exercise of the authority claimed to have been vested in him by said ordinance, did, on or about the 27th day of March, 1923, appoint A. Clifford Thompson, the defendant herein, to be clerk of the city council of the city of Charleston, and that at a meeting of the said city council said appointment was confirmed by said city council, on the 27th day of March, 1923, all of which will more fully appear by reference to the affidavit of Joseph C. Barbot, hereto annexed as Exhibit "A."

7. That the said G. J. Knobeloch, as ward alderman of the 8th ward, protested against said appointment and refused to vote for or against the confirmation of said appointment, and stated at said meeting that he refused to consider the attempted appointment by the said mayor on the ground that the ordinance under which the mayor was attempting to act was and is invalid, as being beyond the powers of the said city council, all of which will more fully appear by reference to the affidavit of Joseph C. Barbot, hereto annexed as Exhibit "A."

8. That, although he was not appointed thereto by the said City Council of Charleston, the defendant afterwards, to wit, on or about the 28th day of March, 1923, usurped the office of the clerk of the city council of Charleston, and entered upon the discharge of the duties of said office and unlawfully holds and exercises the same.

Wherefore plaintiff prays judgment that the defendant be required to answer the premises. and show by what warrant and authority he holds and exercises the office of the clerk of ·the city council of Charleston; that a time be fixed by this Court for the hearing of this cause; that the ordinance hereinbefore set forth in paragraph 3 hereof be declared invalid, null, and void; that the office of the Clerk of the city council of Charleston be declared vacant; that the defendant be excluded from said office; and for costs.

The answer follows:

Defendant above named, answering the complaint herein, alleges:

First. He denies each and every allegation in said complaint contained not hereinafter specifically admitted.

Second. He admits paragraphs 1 and 4 of said complaint.

Third. Answering paragraph 2 of said complaint, this defendant admits that the quotations from the acts of the Legislature, therein set out, are correct, but alleges that they are not full and complete, as will be more specifically hereinafter set forth.

Fourth. Answering paragraph 3 of said complaint, this defendant admits that on the 12th day of December, 1922, the city council of Charleston duly and legally adopted the ordinance fully set forth in said paragraph, but denies the remaining allegations thereof.

Fifth. Answering paragraph 6 of said complaint, this defendant admits that under and by virtue of the said ordinance ratified by the city council of Charleston on the 12th day of December, 1922, he was duly appointed to the office of clerk of council, at a regular meeting of said the city

council, on the 27th day of March, 1923; that at said meeting of said the city council, on the said 27th day of March 1923, there were present 17 aldermen out of the 24 aldermen of the city council of Charleston; and that his nomination for the office of clerk of council by the mayor of said city of Charleston was duly confirmed at the said meeting, there being but three objections thereto.

Sixth. Answering paragraph 7 of said complaint, this defendant admits that the said G. J. Knobeloch refused to vote for or against his nomination and appointment.

Seventh. This defendant specifically and expressly denies paragraph 8 of said complaint.

And for a further answer and further defense thereto this defendant alleges that in and by the charter of the city of Charleston, ratified August 13, 1783, it is provided as follows:

"The intendant (of the city of Charleston) shall and may, as often as occasion may require, summons the wardens to meet together in city council * * * who, with the intendant, shall be known by the name of, and they are hereby declared to be, the city council of Charleston * * * and they shall also be vested with full power and authority, from time to time, under their common seal, to make and establish such by-laws, rules and ordinances, respecting the harbor, streets, lanes, public buildings, workhouses, markets, wharves, public houses, carriages, wagons, carts, drays, pumps, fire engines, care of the poor the regulations of seamen or disorderly people negroes and in general, every other by-law or regulation that shall appear to them requisite and necessary for the security, welfare and convenience of the said city, or for preserving peace, order and good government within the same * * * and they are hereby also authorized to appoint a recorder, treasurer, clerk, coroner, harbor master, fire master, constable and all such other officers (affixing their salaries and fees of such officers, respectively) as shall appear to them requisite and necessary

31—S. C.—124

for carrying into effectual execution all by-laws, rules and ordinances they may make for the good order and government of the said city, and the persons residing within the same."

Eighth. As appears by the provisions of the act of the Legislature above referred to, the said the city council of Charleston has full power and authority to make and establish by-laws, rules, and ordinances, and generally every other by-law or regulation that shall appear to them requisite and necessary for the security, welfare, and convenience of the said city, or for preserving peace, order, and good government within the same; that pursuant to this power and authority for many years the office of the clerk of council was by ordinance made an elective office; that on December 12, 1922, as set forth in plaintiff's complaint herein, the city council of Charleston duly repealed the provisions of said ordinance providing for the election of a clerk, and changed the method of appointment of such officer, providing for his appointment by the mayor, subject to the confirmation of council.

Ninth. This defendant alleges that the said act of the Legislature comprising or constituting the charter of the city council of Charleston does not require an election by ballot or otherwise of the officers referred to therein by the members of council, but merely authorizes the city council of Charleston to appoint certain officers therein named, the method and procedure being left entirely to the discretion of city council; that this construction of its charter has been recognized and acted on by said city council and the members thereof for many years last past, and that said construction is evidenced by ordinances of the city of Charleston with respect to the appointment of some of the particular officers authorized and designated in its charter, some being elected by ballot and others being appointed by the mayor subject to the confirmation of council, and, for instance, the board of fire masters (officers designated in said charter) for

many years have been appointed by the city council of
Charleston on the nomination of the Mayor subject to the
confirmation of council, as fully appears by the following
ordinance:

"Section 445. That a board of seven fire commissioners,
to consist of the mayor and six citizens, appointed by him
and confirmed by city council shall constitute the board of
fire masters of the city of Charleston and shall hold their
offices for a term of four years from the first day of Jan-
uary next following the date of their confirmation." (Adopt-
ed Nov. 30, 1881.)

Tenth. And this defendant further says and alleges that
the said ordinance ratified December 12, 1922, provides for
the appointment of a clerk of council by the mayor of the
city of Charleston subject to the confirmation of council,
so that no alderman of the city council of Charleston is de-
prived of the right and privilege of exercising a duty con-
ferred upon him as a member of the city council of Charles-
ton, for the reason that under and by the terms of said ordi-
nance any alderman or member of the city council can ex-
ercise freely his right to vote against the nomination offered,
and if a sufficient number are opposed defeat the same.

Eleventh. And this defendant further shows that by the
act of the Legislature of 1783, herein referred to, the pro-
vision providing for the appointment of a clerk and other
officers therein named is in no sense of the word manda-
tory but directory or permissive; that it does not require an
election by ballot of the officers of the city council, but, on
the contrary, the method and procedure of appointment have
been left solely and entirely to the discretion of the city
council; and that in adopting the ordinance of December
12, 1922, the said the city council of Charleston has legally
and validly exercised the discretion reposed in it by pro-
viding for the appointment of the clerk of council by the
mayor subject to its confirmation.

Wherefore, having fully answered plaintiff's complaint, this defendant prays that the same may be dismissed with costs.

Mr. Ernest L. Visanska, for the State, cites: *Quo warranto proper:* 1 Mill, 36; 45 S. E., 49; 70 S. E., 465. *Ordinances in conflict with Charter are void:* 28 Cyc., 365-366; *Method of choice of officer is immaterial if made by authorized body:* 19 R. C. L., 913; 39 L. R. A., 282; 1 Dillon Mun. Crop. (5th Ed.), 666, 460; 28 Cyc., 460; 29 Am. Rep., 105; 35 L. R. A., 202; 38 Atl., 270; 52 N. E., 717; 16 Colo., 534. *Non delegable powers:* 20 L. R. A., 656; 14 S. E., 843; 93 N. E., 697. *Statute cannot be repealed by non-use:* 74 S. C., 480; 16 C. J., 87; 28 Cyc., 365; 52 N. E., 717. *Court will not pass on wisdom of ordinance:* 4 Strob., 241.

Mr. John I. Cosgrove, Corporation Counsel, for defendant, cites: *Election defined:* 1 S. C., 39. *Legislature can prescribe method of appointment:* 89 S. C., 114; 90 S. C., 7. *If no method prescribed appointing officer, body may use any method which executes power:* 19 R. C. L., 913; Dillon Mun. Corp., (5th Ed.), Sec., 392, 529; 146 U. S., 1; 1 S. C., 468; 6 S. C., 188. *Powers of City Council of Charleston:* 4 Strob., 310; 48 S. C., 570. *Power to enact is a judicial question:* 92 S. C., 380.

May 31, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

In order to understand clearly the issues involved, it will be necessary to report the complaint and answer.

The act incorporating the city of Charleston, in 1783 (7 St. at Large, p. 97), contains the following provisions, which are still of force:

"The intendant (of the city of Charleston) shall and may, as often as occasion shall require, summons the wardens to meet together in city council * * * who, with the intend-

ant, shall be known by the name of, and they are hereby declared to be, the city council of Charleston, * * * and they shall also be vested with full power and authority, from time to time, under their common seal, to make and establish such by-laws, rules and ordinances, respecting the harbor, streets, lanes, public buildings, workhouses, markets, wharves, public houses, carriages, wagons, carts, drays, pumps, buckets, fire engines, the care of the poor the regulation of seamen or disorderly people, negroes, and in general, every other by-law or regulation that shall appear to them requisite and necessary for the security, welfare and conveniency of the said city, or for preserving peace, order and good government within the same * * * and they are hereby also authorized to appoint a recorder, treasurer, clerk, coronor, harbor master, fire master, constables and all such other officers (affixing their salaries, and fees of such officers, respectively) as shall appear to them requisite and necessary for carrying into effectual execution all by-laws, rules and ordinances they may make for the good order and government of the said city, and the persons residing within the same."

The charter must be construed in its entirety, and when so interpreted it is apparent that the authority to appoint officers by the city council, was merely intended to be permissive, and not exclusive of the mode of selection provided by the ordinance, which was adopted herein by the city council.

It is the judgment of this Court that the complaint be dismissed.